NEUGASS et al. v. THORNER.

(Supreme Court, Appellate Term. May 18, 1911.)

SALES (§ 181*)—ACTION FOR PRICE—EVIDENCE.

     The buyer of clothing by sample refused to accept delivery, claiming that in about two-thirds of the suits inferior material had been used. The seller had refused to leave the samples with the buyer, and later sold them to others. The only evidence tending to show identity was that the lot numbers of the goods tendered was the same as the samples. *Held* insufficient to show the goods to be up to sample.

     [Ed. Note.—For other cases, see Sales, Dec. Dig. § 181.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frederick Neugass and another against Jacob Thorner. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

See, also, 121 N. Y. Supp. 596.

Argued before SEABURY, GUY, and BIJUR, JJ.

Samuel J. Siegel, for appellant.
Bernard Gordon, for respondents.

. GUY, J. This action was brought originally for the purchase price of clothing under a contract between plaintiffs and defendant. The complaint was amended, so as to change the cause of action to one for work, labor, and materials furnished. Neugrass v. Thorner, 121 N. Y. Supp. 596.

The contract was made by the plaintiffs' former salesman, Rubin, by parol. He presented a line of samples to the defendant at his place of business. The sale or agreement was by sample. It was agreed that if the goods, when examined upon delivery, were not satisfactory to the defendant, they could be returned without charge. Rubin was asked by the defendant to leave his samples, but was not allowed to do so, because of the plaintiffs' shop rule against leaving any samples. Shortly after the delivery of the goods, upon receiving a complaint from the defendant that other goods had been substituted, Rubin, on

the plaintiffs' behalf, called at the defendant's store and found that different goods had been substituted for about two-thirds of the goods sold; the substituted goods being cheaper, made of cotton mixed with wool, instead of woolen serge, as represented by the samples, and with inferior linings, although the same lot numbers on the samples were affixed to the substituted goods.

The plaintiffs' designer, Kartman, when recalled, gave as his final explanation of this that two pieces of the same goods do not run alike and differ in color. The plaintiff Rosenbaum finally admitted that his firm had sold out the samples upon which the contract was based, in the regular course of business, after the season was over, that he had made no effort to bring them into court and compare them with the rejected goods, and .that he was unable to obtain them.

There is no satisfactory proof that the goods sold were identical with the samples. Proof of the identity of the lot numbers was insufficient. When goods are sold by sample, the vendee is not bound to accept inferior goods, merely because they are marked with lot numbers indicating goods of a superior quality. Henry & Co. v. Talcott, 175 N. Y. 385, 389, 67 N. E. 617; Beirne v. Dord, 5 N. Y. 95, 98, 99, 55 Am. Dec. 321. The proof of the agreed price or reasonable value of the work, labor, and materials furnished was also insufficient.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.